IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VLADIMIR SENKO<br>12-B Mill Road<br>Staten Island, NY 10306<br>     Plaintiff,<br><br>  v.<br><br>RODNEY FLORRY, JR.<br>425 Millcreek Road<br>Bird in Hand, PA 17505<br>and<br>ELAM BOLLINGER<br>2228 Junction Road<br>Manheim, PA 17545<br>and<br>MANHEIM, INC.<br>6325 Peachtree Dunwoody Road NE<br>Atlanta, GA 30328<br>and<br>MANHEIM AUCTIONS, INC.<br>6325 Peachtree Dunwoody Road NE<br>Atlanta, GA 30328<br>and<br>MANHEIM PENNSYLVANIA<br>6325 Peachtree Dunwoody Road NE<br>Atlanta, GA 30328<br>and<br>MANHEIM AUTO AUCTION<br>1190 Lancaster Road<br>Manheim, PA 17545<br>and<br>MANHEIM REMARKETING, INC.<br>6205 Peachtree Dunwoody Road NE<br>Atlanta, GA 30328<br><br>     Defendants | CIVIL ACTION<br><br>Docket No.<br><br>JURY TRIAL DEMANDED |

## **COMPLAINT**

1. Plaintiff, Vladimir Senko, is an adult individual residing at 12-B Mill Road, Staten Island, NY.

2.      Defendant, Rodney Florry, Jr., is an adult individual with a residential address located at 425 Millcreek Road, Bird in Hand, PA.

3.      Defendant, Elam Bollinger, is an adult individual with a residential address located at 2228 Junction Road, Manheim, PA

4.      Defendant, Manheim, Inc., is a business entity with an address located at 6325 Peachtree Dunwoody Road NE, Atlanta, GA.   Upon information and belief, this defendant regularly conducts business in the jurisdiction in which this action is filed.

5.      Defendant, Manheim Auctions, Inc., is a business entity with an address located at 6325 Peachtree Dunwoody Road NE, Atlanta, GA.   Upon information and belief, this defendant regularly conducts business in the jurisdiction in which this action is filed.

6.      Defendant, Manheim Pennsylvania, is a business entity with an address located at 6325 Peachtree Dunwoody Road NE, Atlanta, GA.   Upon information and belief, this defendant regularly conducts business in the jurisdiction in which this action is filed.

7.      Defendant, Manheim Auto Auction, is a business entity with an address located at 1190 Lancaster Road, Manheim, PA.  Upon information and belief, this defendant regularly conducts business in the jurisdiction in which this action is filed.

8.      Defendant, Manheim Remarketing, Inc., is a business entity with an address located at 6205 Peachtree Dunwoody Road, Atlanta, GA.   Upon information and belief, this defendant regularly conducts business in the jurisdiction in which this action is filed

9.      At all times material hereto, defendants, Manheim, Inc., Manheim Auctions, Inc., Manheim Pennsylvania, Manheim Remarketing, Inc. and/or Manheim Auto Auction (hereinafter collectively "Manheim Auto Auction defendants") owned a 2008 Lexus IS 250 that was operated

by defendant, Rodney Florry, Jr. and a 2008 Lexus RX350 that was operated by defendant, Elam Bollinger.

10.     Defendants, Rodney Florry,, Jr. and Elam Bollinger, were permissive drivers and/or agents, servants and/or workmen acting in the course and scope of their authority of the Manheim Auto Auction defendants.

11.     The Manheim Auto Auction defendants are vicariously liable for the actions of its agent, servant, workman, and/or employee, who were at all times acting within the course and scope of their authority.

12.     On or about February 11 2011, at approximately 10:59 a.m., plaintiff, Vladimir Senko, was a business invitee and a pedestrian at Manheim Auto Auction, 1190 Lancaster Road, Manehim, Lancaster County, PA,  when he was struck by the vehicle(s) operated by defendants, Rodney Florry,, Jr. and/or Elam Bollinger, which was being negligently operated, and plaintiff, Vladimir Senko, was caused to sustain severe personal injuries and other damages as more fully set forth below.

## JURISDICTIONAL ALLEGATIONS

13.     The controversy between Plaintiff and Defendants which gives rise to this civil action is one over which the United States District Court for the Eastern District of Pennsylvania has original diversity jurisdiction pursuant to 28 U.S.C. § 1332, for the following reasons:

   a.  Plaintiff is a citizen of the State of New York;
   b.  Defendants Rodney Florry, Jr. and Elam Bollinger are, upon information and belief, citizens of the Commonwealth of Pennsylvania;
   c.  Defendants Manheim, Inc., Manheim Auctions, Inc. and Manheim Pennsylvania are business entities or corporations having its principal place of business in the State of Georgia;

d.  Defendant Manheim Auto Auction is a business entity or corporation having a principal place of business in the Commonwealth of Pennsylvania; and

e.  the amount in controversy exceeds $75,000, exclusive of interest and costs.

## COUNT I
## PLAINTIFF, VLADIMIR SENKO vs. DEFENDANT, RODNEY FLORRY, JR.

14.   Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth at length.

15.   The accident was caused by the carelessness and negligence of defendant, Rodney Florry, Jr., consisting of but not limited to the following:

(a)   operating the vehicle at an excessive rate of speed under the circumstances;

(b)   failing to have the vehicle under proper and adequate control;

(c)   failing to apply the brakes in time to avoid a collision;

(d)   negligently applying the brakes;

(e)   failing to observe the Plaintiff;

(f)   failing to operate the vehicle in accordance with existing traffic conditions and traffic controls;

(g)   failing to drive at a speed and in a manner consistent with keeping the vehicle under control;

(h)   failing to keep a reasonable lookout for others lawfully on the roadway;

(i)   failing to have the vehicle under proper and adequate control and;

(j)   failing to keep his vehicle in the proper lane of travel;

(k)   failing to give the right of way to plaintiff;

(l)   negligently engaging the gas pedal when it was not safe to do so;

(m)   was otherwise operating the  vehicle in a careless, reckless and negligent manner, in a fashion which violated all applicable statutes and ordinances governing the operation of a motor vehicle; and

(n)   engaged in such other conduct as may be revealed during the course of discovery and investigation;

16.   As a direct and proximate result of the aforesaid negligence of defendant, Rodney Florry, Jr., plaintiff, Vladimir Senko, has suffered severe and permanent injuries to his body, which include, but are not limited to: head injury, left hip pain, low back pain, neck pain, left shoulder pain, knee pain. Plaintiff, Vladimir Senko, suffered internal injuries of an unknown nature, he suffered severe aches, pains, mental anxiety and anguish and a severe shock to his entire nervous system and other injuries the full extent of which is not yet known. Plaintiff, Vladimir Senko, sustained an aggravation and/or exacerbation of injuries both known and unknown. He has in the past and will in the future undergo severe pain and unable to attend to his usual duties and occupation, all to his great financial detriment and loss.

17.   As a direct and proximate result of the aforesaid negligence of defendant, Rodney Florry, Jr., plaintiff, Vladimir Senko, has been compelled to expend money for medicine and medical attention and may be required to expend additional sums for the same purpose in the future.

18.   As a direct and proximate result of the aforesaid negligence of defendant, Rodney Florry, Jr., plaintiff, Vladimir Senko, has been prevented from attending to his usual daily activities and duties, and may be so prevented for an indefinite period of time in the future, all to his great detriment and loss.

19.   As a direct and proximate result of the aforesaid negligence of defendant, Rodney Florry, Jr., plaintiff, Vladimir Senko, has suffered physical pain and mental anguish and humiliation and may continue to suffer same for an indefinite period of time in the future.

20.   As a direct and proximate result of the aforesaid negligence of defendant, Rodney

Florry, Jr., plaintiff, Vladimir Senko, has incurred in the past and will continue to incur in the future additional financial expenses or losses which he is entitled to recover.

21.    As a direct and proximate result of aforesaid ·negligence of defendant, Rodney Florry, Jr., plaintiff, Vladimir Senko, has suffered loss of wages and earning capacity.

WHEREFORE, plaintiff, Vladimir Senko, demands judgment in his favor and against defendants, jointly and severally, in a sum in excess of Fifty Thousand Dollars ($50,000.00) plus costs, delay damages, pre and post judgment interest, attorney fees and all other relief provided by law.

## COUNT II
## PLAINTIFF, VLADIMIR SENKO vs. DEFENDANT, ELAM BOLLINGER

22.    Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth at length.

23.    The accident was caused by the carelessness and negligence of defendant, Elam Bollinger, consisting of but not limited to the following:

    (a)    operating the vehicle at an excessive rate of speed under the circumstances;

    (b)    failing to have the vehicle under proper and adequate control;

    (c)    failing to apply the brakes in time to avoid a collision;

    (d)    negligently applying the brakes;

    (e)    failing to observe the Plaintiff;

    (f)    failing to operate the vehicle in accordance with existing traffic conditions and traffic controls;

    (g)    failing to drive at a speed and in a manner consistent with keeping the vehicle under control;

    (h)    failing to keep a reasonable lookout for others lawfully on the roadway;

(i)     failing to have the vehicle under proper and adequate control and;

(j)     failing to keep his vehicle in the proper lane of travel;

(k)     failing to give the right of way to plaintiff;

(l)     negligently engaging the gas pedal when it was not safe to do so;

(m)     was otherwise operating the vehicle in a careless, reckless and negligent manner, in a fashion which violated all applicable statutes and ordinances governing the operation of a motor vehicle; and

(n)     engaged in such other conduct as may be revealed during the course of discovery and investigation;

24.     As a direct and proximate result of the aforesaid negligence of defendant, Rodney Florry, Jr., plaintiff, Vladimir Senko, has suffered severe and permanent injuries to his body, which include, but are not limited to: head injury, left hip pain, low back pain, neck pain, left shoulder pain, knee pain. Plaintiff, Vladimir Senko, suffered internal injuries of an unknown nature, he suffered severe aches, pains, mental anxiety and anguish and a severe shock to his entire nervous system and other injuries the full extent of which is not yet known. Plaintiff, Vladimir Senko, sustained an aggravation and/or exacerbation of injuries both known and unknown. He has in the past and will in the future undergo severe pain and unable to attend to his usual duties and occupation, all to his great financial detriment and loss.

25.     As a direct and proximate result of the aforesaid negligence of defendant, Rodney Florry, Jr., plaintiff, Vladimir Senko, has been compelled to expend money for medicine and medical attention and may be required to expend additional sums for the same purpose in the future.

26     As a direct and proximate result of the aforesaid negligence of defendant, Rodney Florry, Jr., plaintiff, Vladimir Senko, has been prevented from attending to his usual daily activities and duties, and may be so prevented for an indefinite period of time in the future, all to

his great detriment and loss.

27.     As a direct and proximate result of the aforesaid negligence of defendant, Rodney Florry, Jr., plaintiff, Vladimir Senko, has suffered physical pain and mental anguish and humiliation and may continue to suffer same for an indefinite period of time in the future.

28.     As a direct and proximate result of the aforesaid negligence of defendant, Rodney Florry, Jr., plaintiff, Vladimir Senko, has incurred in the past and will continue to incur in the future additional financial expenses or losses which he is entitled to recover.

29.     As a direct and proximate result of aforesaid negligence of defendant, Rodney Florry, Jr., plaintiff, Vladimir Senko, has suffered loss of wages and earning capacity.

WHEREFORE, plaintiff, Vladimir Senko, demands judgment in his favor and against defendants, jointly and severally, in a sum in excess of Fifty Thousand Dollars ($50,000.00) plus costs, delay damages, pre and post judgment interest, attorney fees and all other relief provided by law.

## COUNT III
## PLAINTIFF, VLADIMIR SENKO vs. DEFENDANT, MANHEIM, INC.

30.     Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth at length.

31.     Defendant, Manheim, Inc., is vicariously liable for the actions of its agent, servant, workman, and/or employee, who was at all times acting within the course and scope of his/her authority.

32.     The accident was caused by the carelessness and negligence of defendant, Manheim, Inc., acting by and through its agent, servant and/or employee, consisting of but not limited to the following:

a.     negligently entrusting a vehicle to its driver, Rodney Florry, Jr. and/or Elam

Bollinger, when it knew or should have known that the vehicle would be operated in a negligent, careless and reckless manner;

b.      violating applicable provisions of the motor vehicle code of the Commonwealth of Pennsylvania and such other statutes in case law governing the operation of motor vehicles on the streets and highways;

c.      operating the vehicle at an excessive rate of speed under the circumstances;

d.      failing to have the vehicle under proper and adequate control;

e.      failing to apply the brakes in time to avoid a collision;

f.      negligently applying the brakes;

g.      failing to observe the Plaintiff;

h.      failing to operate the vehicle in accordance with existing traffic conditions and traffic controls;

i.      failing to drive at a speed and in a manner consistent with keeping the vehicle under control;

j.      failing to keep a reasonable lookout for others lawfully on the roadway;

k.      failing to have the vehicle under proper and adequate control;

l.      failing to keep his vehicle in the proper lane of travel;

m.      failing to give the right of way to plaintiff;

n.      negligently engaging the gas pedal when it was not safe to do so;

o.      was otherwise operating the  vehicle in a careless, reckless and negligent manner, in a fashion which violated all applicable statutes and ordinances governing the operation of a motor vehicle; and

p.      engaged in such other conduct as may be revealed during the course of discovery and investigation.

33.     As a direct and proximate result of the aforesaid negligence of defendant, Manheim, Inc., plaintiff, Vladimir Senko, has suffered severe and permanent injuries to his body, which include, but are not limited to: head injury, left hip pain, low back pain, neck pain, left

shoulder pain, knee pain.  Plaintiff, Vladimir Senko, suffered internal injuries of an unknown nature, he suffered severe aches, pains, mental anxiety and anguish and a severe shock to his entire nervous system and other injuries the full extent of which is not yet known.  Plaintiff, Vladimir Senko, sustained an aggravation and/or exacerbation of injuries both known and unknown.  He has in the past and will in the future undergo severe pain and unable to attend to his usual duties and occupation, all to his great financial detriment and loss.

34.    As a direct and proximate result of the aforesaid negligence of defendant, Manheim, Inc., plaintiff, Vladimir Senko, has been compelled to expend money for medicine and medical attention and may be required to expend additional sums for the same purpose in the future.

35.    As a direct and proximate result of the aforesaid negligence of defendant, Manheim, Inc., plaintiff, Vladimir Senko, has been prevented from attending to his usual daily activities and duties, and may be so prevented for an indefinite period of time in the future, all to his great detriment and loss.

36.    As a direct and proximate result of the aforesaid negligence of defendant, Manheim, Inc., plaintiff, Vladimir Senko, has suffered physical pain and mental anguish and humiliation and may continue to suffer same for an indefinite period of time in the future.

37.    As a direct and proximate result of the aforesaid negligence of defendant, Manheim, Inc., plaintiff, Vladimir Senko, has incurred in the past and will continue to incur in the future additional financial expenses or losses which he is entitled to recover.

38.    As a direct and proximate result of aforesaid negligence of defendant, Manheim, Inc., plaintiff, Vladimir Senko, has suffered loss of wages and earning capacity.

WHEREFORE, plaintiff, Vladimir Senko, demands judgment in his favor and against defendants, jointly and severally, in a sum in excess of Fifty Thousand Dollars ($50,000.00) plus costs, delay damages, pre and post judgment interest, attorney fees and all other relief provided by law.

## COUNT IV

## PLAINTIFF, VLADIMIR SENKO vs. DEFENDANT, MANHEIM AUCTIONS, INC.

39.     Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth at length.

40.     Defendant, Manheim Auctions, Inc., is vicariously liable for the actions of its agent, servant, workman, and/or employee, who was at all times acting within the course and scope of his/her authority.

41.     The accident was caused by the carelessness and negligence of defendant, Manheim Auctions, Inc., acting by and through its agent, servant and/or employee, consisting of but not limited to the following:

a.     negligently entrusting a vehicle to its driver, Rodney Florry, Jr. and/or Elam Bollinger, when it knew or should have known that the vehicle would be operated in a negligent, careless and reckless manner;

b.     violating applicable provisions of the motor vehicle code of the Commonwealth of Pennsylvania and such other statutes in case law governing the operation of motor vehicles on the streets and highways;

c.     operating the vehicle at an excessive rate of speed under the circumstances;

d.     failing to have the vehicle under proper and adequate control;

e.     failing to apply the brakes in time to avoid a collision;

f.     negligently applying the brakes;

g.     failing to observe the Plaintiff;

h.  failing to operate the vehicle in accordance with existing traffic conditions and traffic controls;

i.  failing to drive at a speed and in a manner consistent with keeping the vehicle under control;

j.  failing to keep a reasonable lookout for others lawfully on the roadway;

k.  failing to have the vehicle under proper and adequate control;

l.  failing to keep his vehicle in the proper lane of travel;

m.  failing to give the right of way to plaintiff;

n.  negligently engaging the gas pedal when it was not safe to do so;

o.  was otherwise operating the vehicle in a careless, reckless and negligent manner, in a fashion which violated all applicable statutes and ordinances governing the operation of a motor vehicle; and

p.  engaged in such other conduct as may be revealed during the course of discovery and investigation.

42.  As a direct and proximate result of the aforesaid negligence of defendant, Manheim Auctions, Inc., plaintiff, Vladimir Senko, has suffered severe and permanent injuries to his body, which include, but are not limited to: head injury, left hip pain, low back pain, neck pain, left shoulder pain, knee pain. Plaintiff, Vladimir Senko, suffered internal injuries of an unknown nature, he suffered severe aches, pains, mental anxiety and anguish and a severe shock to his entire nervous system and other injuries the full extent of which is not yet known. Plaintiff, Vladimir Senko, sustained an aggravation and/or exacerbation of injuries both known and unknown. He has in the past and will in the future undergo severe pain and unable to attend to his usual duties and occupation, all to his great financial detriment and loss.

43.  As a direct and proximate result of the aforesaid negligence of defendant, Manheim Auctions, Inc., plaintiff, Vladimir Senko, has been compelled to expend money for

medicine and medical attention and may be required to expend additional sums for the same purpose in the future.

44.   As a direct and proximate result of the aforesaid negligence of defendant, Manheim Auctions, Inc., plaintiff, Vladimir Senko, has been prevented from attending to his usual daily activities and duties, and may be so prevented for an indefinite period of time in the future, all to his great detriment and loss.

45.   As a direct and proximate result of the aforesaid negligence of defendant, Manheim Auctions, Inc., plaintiff, Vladimir Senko, has suffered physical pain and mental anguish and humiliation and may continue to suffer same for an indefinite period of time in the future.

46.   As a direct and proximate result of the aforesaid negligence of defendant, Manheim Auctions, Inc., plaintiff, Vladimir Senko, has incurred in the past and will continue to incur in the future additional financial expenses or losses which he is entitled to recover.

47.   As a direct and proximate result of aforesaid negligence of defendant, Manheim Auctions, Inc., plaintiff, Vladimir Senko, has suffered loss of wages and earning capacity.

WHEREFORE, plaintiff, Vladimir Senko, demands judgment in his favor and against defendants, jointly and severally, in a sum in excess of Fifty Thousand Dollars ($50,000.00) plus costs, delay damages, pre and post judgment interest, attorney fees and all other relief provided by law.

## COUNT V

### PLAINTIFF, VLADIMIR SENKO vs. DEFENDANT, MANHEIM PENNSYLVANIA

47.   Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth at length.

48.     Defendant, Manheim Pennsylvania, is vicariously liable for the actions of its agent, servant, workman, and/or employee, who was at all times acting within the course and scope of his/her authority.

49.     The accident was caused by the carelessness and negligence of defendant, Manheim Pennsylvania, acting by and through its agent, servant and/or employee, consisting of but not limited to the following:

a.      negligently entrusting a vehicle to its driver, Rodney Florry, Jr. and/or Elam Bollinger, when it knew or should have known that the vehicle would be operated in a negligent, careless and reckless manner;

b.      violating applicable provisions of the motor vehicle code of the Commonwealth of Pennsylvania and such other statutes in case law governing the operation of motor vehicles on the streets and highways;

c.      operating the vehicle at an excessive rate of speed under the circumstances;

d.      failing to have the vehicle under proper and adequate control;

e.      failing to apply the brakes in time to avoid a collision;

f.      negligently applying the brakes;

g.      failing to observe the Plaintiff;

h.      failing to operate the vehicle in accordance with existing traffic conditions and traffic controls;

i.      failing to drive at a speed and in a manner consistent with keeping the vehicle under control;

j.      failing to keep a reasonable lookout for others lawfully on the roadway;

k.      failing to have the vehicle under proper and adequate control;

l.      failing to keep his vehicle in the proper lane of travel;

m.      failing to give the right of way to plaintiff;

n.      negligently engaging the gas pedal when it was not safe to do so;

o.     was otherwise operating the vehicle in a careless, reckless and negligent manner, in a fashion which violated all applicable statutes and ordinances governing the operation of a motor vehicle; and

a.     engaged in such other conduct as may be revealed during the course of discovery and investigation.

50.     As a direct and proximate result of the aforesaid negligence of defendant, Manheim Pennsylvania, plaintiff, Vladimir Senko, has suffered severe and permanent injuries to his body, which include, but are not limited to: head injury, left hip pain, low back pain, neck pain, left shoulder pain, knee pain.  Plaintiff, Vladimir Senko, suffered internal injuries of an unknown nature, he suffered severe aches, pains, mental anxiety and anguish and a severe shock to his entire nervous system and other injuries the full extent of which is not yet known. Plaintiff, Vladimir Senko, sustained an aggravation and/or exacerbation of injuries both known and unknown.  He has in the past and will in the future undergo severe pain and unable to attend to his usual duties and occupation, all to his great financial detriment and loss.

51.     As a direct and proximate result of the aforesaid negligence of defendant, Manheim Pennsylvania, plaintiff, Vladimir Senko, has been compelled to expend money for medicine and medical attention and may be required to expend additional sums for the same purpose in the future.

52.     As a direct and proximate result of the aforesaid negligence of defendant, Manheim Pennsylvania, plaintiff, Vladimir Senko, has been prevented from attending to his usual daily activities and duties, and may be so prevented for an indefinite period of time in the future, all to his great detriment and loss.

53.     As a direct and proximate result of the aforesaid negligence of defendant, Manheim Pennsylvania, plaintiff, Vladimir Senko, has suffered physical pain and mental anguish

and humiliation and may continue to suffer same for an indefinite period of time in the future.

54.     As a direct and proximate result of the aforesaid negligence of defendant, Manheim Pennsylvania, plaintiff, Vladimir Senko, has incurred in the past and will continue to incur in the future additional financial expenses or losses which he is entitled to recover.

55.     As a direct and proximate result of aforesaid negligence of defendant, Manheim Pennsylvania, plaintiff, Vladimir Senko, has suffered loss of wages and earning capacity.

WHEREFORE, plaintiff, Vladimir Senko, demands judgment in his favor and against defendants, jointly and severally, in a sum in excess of Fifty Thousand Dollars ($50,000.00) plus costs, delay damages, pre and post judgment interest, attorney fees and all other relief provided by law.

## COUNT VI

## PLAINTIFF, VLADIMIR SENKO vs. DEFENDANT, MANHEIM AUTO AUCTION

56.     Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth at length.

57.     Defendant, Manheim Auto Auction, is vicariously liable for the actions of its agent, servant, workman, and/or employee, who was at all times acting within the course and scope of his/her authority.

58.     The accident was caused by the carelessness and negligence of defendant, Manheim Auto Auction, acting by and through its agent, servant and/or employee, consisting of but not limited to the following:

   a.     negligently entrusting a vehicle to its driver, Rodney Florry, Jr. and/or Elam Bollinger, when it knew or should have known that the vehicle would be operated in a negligent, careless and reckless manner;

   b.     violating applicable provisions of the motor vehicle code of the Commonwealth of Pennsylvania and such other statutes in case law governing the operation of motor

vehicles on the streets and highways;

c.   operating the vehicle at an excessive rate of speed under the circumstances;

d.   failing to have the vehicle under proper and adequate control;

e.   failing to apply the brakes in time to avoid a collision;

f.   negligently applying the brakes;

g.   failing to observe the Plaintiff;

h.   failing to operate the vehicle in accordance with existing traffic conditions and traffic controls;

i.   failing to drive at a speed and in a manner consistent with keeping the vehicle under control;

j.   failing to keep a reasonable lookout for others lawfully on the roadway;

k.   failing to have the vehicle under proper and adequate control;

l.   failing to keep his vehicle in the proper lane of travel;

m.   failing to give the right of way to plaintiff;

n.   negligently engaging the gas pedal when it was not safe to do so;

o.   was otherwise operating the  vehicle in a careless, reckless and negligent manner, in a fashion which violated all applicable statutes and ordinances governing the operation of a motor vehicle; and

p.   engaged in such other conduct as may be revealed during the course of discovery and investigation.

59.   As a direct and proximate result of the aforesaid negligence of defendant, Manheim Auto Auction, plaintiff, Vladimir Senko, has suffered severe and permanent injuries to his body, which include, but are not limited to: head injury, left hip pain, low back pain, neck pain, left shoulder pain, knee pain.  Plaintiff, Vladimir Senko, suffered internal injuries of an unknown nature, he suffered severe aches, pains, mental anxiety and anguish and a severe shock

to his entire nervous system and other injuries the full extent of which is not yet known. Plaintiff, Vladimir Senko, sustained an aggravation and/or exacerbation of injuries both known and unknown. He has in the past and will in the future undergo severe pain and unable to attend to his usual duties and occupation, all to his great financial detriment and loss.

60.    As a direct and proximate result of the aforesaid negligence of defendant, Manheim Auto Auction, plaintiff, Vladimir Senko, has been compelled to expend money for medicine and medical attention and may be required to expend additional sums for the same purpose in the future.

61.    As a direct and proximate result of the aforesaid negligence of defendant, Manheim Auto Auction, plaintiff, Vladimir Senko, has been prevented from attending to his usual daily activities and duties, and may be so prevented for an indefinite period of time in the future, all to his great detriment and loss.

62.    As a direct and proximate result of the aforesaid negligence of defendant, Manheim Auto Auction, plaintiff, Vladimir Senko, has suffered physical pain and mental anguish and humiliation and may continue to suffer same for an indefinite period of time in the future.

63.    As a direct and proximate result of the aforesaid negligence of defendant, Manheim Auto Auction, plaintiff, Vladimir Senko, has incurred in the past and will continue to incur in the future additional financial expenses or losses which he is entitled to recover.

64.    As a direct and proximate result of aforesaid negligence of defendant, Manheim Auto Auction, plaintiff, Vladimir Senko, has suffered loss of wages and earning capacity.

WHEREFORE, plaintiff, Vladimir Senko, demands judgment in his favor and against defendants, jointly and severally, in a sum in excess of Fifty Thousand Dollars ($50,000.00) plus costs, delay damages, pre and post judgment interest, attorney fees and all other relief provided

by law.

**COUNT VII**

**PLAINTIFF, VLADIMIR SENKO vs. DEFENDANT, MANHEIM REMARKETING, INC.**

65.     Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth at length.

66.     Defendant, Manheim Remarketing, Inc., is vicariously liable for the actions of its agent, servant, workman, and/or employee, who was at all times acting within the course and scope of his/her authority.

67.     The accident was caused by the carelessness and negligence of defendant, Manheim Remarketing, Inc., acting by and through its agent, servant and/or employee, consisting of but not limited to the following:

    a.     negligently entrusting a vehicle to its driver, Rodney Florry, Jr. and/or Elam Bollinger, when it knew or should have known that the vehicle would be operated in a negligent, careless and reckless manner;

    b.     violating applicable provisions of the motor vehicle code of the Commonwealth of Pennsylvania and such other statutes in case law governing the operation of motor vehicles on the streets and highways;

    c.     operating the vehicle at an excessive rate of speed under the circumstances;

    d.     failing to have the vehicle under proper and adequate control;

    e.     failing to apply the brakes in time to avoid a collision;

    f.     negligently applying the brakes;

    g.     failing to observe the Plaintiff;

    h.     failing to operate the vehicle in accordance with existing traffic conditions and traffic controls;

    i.     failing to drive at a speed and in a manner consistent with keeping the vehicle under control;

j.      failing to keep a reasonable lookout for others lawfully on the roadway;

k.      failing to have the vehicle under proper and adequate control;

l.      failing to keep his vehicle in the proper lane of travel;

m.      failing to give the right of way to plaintiff;

n.      negligently engaging the gas pedal when it was not safe to do so;

o.      was otherwise operating the vehicle in a careless, reckless and negligent manner, in a fashion which violated all applicable statutes and ordinances governing the operation of a motor vehicle; and

p.      engaged in such other conduct as may be revealed during the course of discovery and investigation.

68.     As a direct and proximate result of the aforesaid negligence of defendant, Manheim Remarketing, Inc., plaintiff, Vladimir Senko, has suffered severe and permanent injuries to his body, which include, but are not limited to: head injury, left hip pain, low back pain, neck pain, left shoulder pain, knee pain. Plaintiff, Vladimir Senko, suffered internal injuries of an unknown nature, he suffered severe aches, pains, mental anxiety and anguish and a severe shock to his entire nervous system and other injuries the full extent of which is not yet known. Plaintiff, Vladimir Senko, sustained an aggravation and/or exacerbation of injuries both known and unknown. He has in the past and will in the future undergo severe pain and unable to attend to his usual duties and occupation, all to his great financial detriment and loss.

69.     As a direct and proximate result of the aforesaid negligence of defendant, Manheim Remarketing, Inc., plaintiff, Vladimir Senko, has been compelled to expend money for medicine and medical attention and may be required to expend additional sums for the same purpose in the future.

70.     As a direct and proximate result of the aforesaid negligence of defendant,

Manheim Remarketing, Inc., plaintiff, Vladimir Senko, has been prevented from attending to his usual daily activities and duties, and may be so prevented for an indefinite period of time in the future, all to his great detriment and loss.

71.     As a direct and proximate result of the aforesaid negligence of defendant, Manheim Remarketing, Inc., plaintiff, Vladimir Senko, has suffered physical pain and mental anguish and humiliation and may continue to suffer same for an indefinite period of time in the future.

72.     As a direct and proximate result of the aforesaid negligence of defendant, Manheim Remarketing, Inc., plaintiff, Vladimir Senko, has incurred in the past and will continue to incur in the future additional financial expenses or losses which he is entitled to recover.

73.     As a direct and proximate result of aforesaid negligence of defendant, Manheim Remarketing, Inc., plaintiff, Vladimir Senko, has suffered loss of wages and earning capacity.

WHEREFORE, plaintiff, Vladimir Senko, demands judgment in his favor and against defendants, jointly and severally, in a sum in excess of Fifty Thousand Dollars ($50,000.00) plus costs, delay damages, pre and post judgment interest, attorney fees and all other relief provided by law.

STEVEN L. CHUNG, ESQUIRE, LLC

BY: _____

Steven L. Chung, Esquire
Attorney for Plaintiff
1500 J.F.K. Boulevard, Ste. 1050
Philadelphia, PA 19102
(215) 688-5777
(215) 405-3702 - Fax